```
                                                              FILED
                                                       U.S. DISTRICT COURT

         IN THE UNITED STATES DISTRICT COURT  2011 JUN -3  P 4:02
              FOR THE DISTRICT OF UTAH
                                                       DISTRICT OF UTAH
```

|                           |                                   |
|---------------------------|-----------------------------------|
|                           | BY:_____                |
|                           | DEPUTY CLERK                      |
| CARL STANLEY FLEMING,     | ORDER TO AMEND DEFICIENT          |
|                           | PETITION & MEMORANDUM DECISION    |
| Petitioner,               |                                   |
|                           |                                   |
| v.                        | Case No. 2:11-CV-310 BSJ          |
|                           |                                   |
| ALFRED BIGELOW,           |                                   |
|                           | District Judge Bruce Jenkins      |
| Respondent.               |                                   |

Petitioner, Carl Stanley Fleming, an inmate at the Utah State Prison, filed this *pro se* habeas corpus petition. *See* 28 U.S.C.S. § 2254 (2011). In reviewing the petition to determine whether to order an answer, the Court has determined that Petitioner's petition is deficient as described in this Order. *See id.* Petitioner must cure these deficiencies if he wishes to pursue his claims.

**Deficiencies in Petition:**

Petition:

(a)      is submitted with an inconsistent "Memorandum in Support of Petitioner's § 2254 Writ of Habeas Corpus," in which Petitioner alleges different claims and underlying allegations than he does in his Petition.

(b)      should be submitted after consultation with prison contract attorneys who will be able to help Petitioner incorporate all his claims into the same pleading, which should be an amended petition, complete in itself.

## Instructions to Petitioner

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner]

that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following points before refiling his petition. First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or his support memorandum. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supercedes original). Second, the petitioner must clearly state his custodian and name that person as the respondent. Third, Petitioner may generally not bring civil rights claims as to the conditions of his confinement in a habeas corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254; any claims about the execution of Petitioner's sentence should be brought under 28 U.S.C.S. § 2241. Finally, Petitioner should seek help from the prison's contract attorneys with preparing initial pleadings.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above;

(2) the Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide;

(3) if Petitioner fails to timely cure the above noted deficiencies in accordance with the instructions herein this action will be dismissed without further notice.

DATED this 3 day of June, 2011.

BY THE COURT:

_____
BRUCE S. JENKINS
United States District Judge