IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARL STANLEY FLEMING, | ) **MEMORANDUM DECISION & ORDER** |
| | ) **GRANTING MOTION TO DISMISS** |
| Petitioner, | ) |
| | ) Case No. 2:11-CV-310-BSJ |
| v. | ) |
| | ) District Judge Bruce Jenkins |
| ALFRED BIGELOW, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner, Carl Stanley Fleming, an inmate at Utah State
Prison, requests habeas-corpus relief.[1]  Respondent moves to
dismiss the Petition, arguing that it was filed past the
applicable period of limitation.  The Court agrees.

### BACKGROUND

Petitioner was convicted of one count each of aggravated
robbery and aggravated kidnaping, both first-degree felonies, for
which he was sentenced, respectively, to terms of five-years-to-
life and ten-years-to-life.  After Petitioner failed to
successfully appeal his convictions, they became final on May 3,
2006--the deadline Petitioner missed for filing a petition for
writ of certiorari with the United States Supreme Court.  This
petition was not filed until April 19, 2011.

The Second Amended Petition raises a single ground for
habeas relief:

---

[1]*See* 28 U.S.C.S. § 2254 (2013).

> Petitioner's rights for access to the courts
> were violated when he was not allowed to
> adequately address all of his issues in his
> first post-conviction petition, because his
> legal material, including his first post-
> conviction relief petition, transcripts and
> work product material were confiscated and
> lost by the Department of Corrections.

### FEDERAL CONSTITUTIONAL VIOLATION

The Court notes *sua sponte* that the ground for relief raised by Petitioner is not proper in this habeas case. "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States."[2]  Here, Petitioner does not attack as unconstitutional or illegal the substance of the judgment under which he was convicted or his sentencing.  If the Court were to grant relief on the ground stated, it would not necessarily void his conviction or sentencing, which is the hallmark of a habeas-corpus remedy.

Legal-access claims are generally brought in civil-rights complaints under § 1983.[3]  In this situation, Petitioner has already brought this claim (regarding the dismissal of his first state post-conviction petition as untimely because of the loss or confiscation by prison personnel of legal materials including his

---

[2]*See id.* § 2254(a).

[3]42 *id.* § 1983.

2

criminal-trial transcripts) in a civil-rights complaint in this
Court, on which he did not prevail:

> [T]he dismissal of Plaintiff's state court
> Petition does not support a legal access
> claim. . . . [T]he Petition was not dismissed
> as untimely or on any other technical
> grounds; instead, each of Plaintiff's claims
> were addressed and dismissed by the state
> court on the merits.  Thus, the dismissal of
> the Petition does not show that Plaintiff was
> significantly hindered from pursuing a non-
> frivolous "habeas corpus or civil rights
> action[] regarding [his] current
> confinement."  *Carper v. Deland*, 54 F.3d 613,
> 616 (10th Cir. 1995).  This determination
> precludes Plaintiff from pursuing a legal
> access claim based on the dismissal of his
> state court Petition.[4]

Based on Petitioner's failure to state a claim upon which
habeas-corpus relief may be granted, then, this Petition is
denied.[5]  And, Petitioner has already unsuccessfully raised this
issue in its proper vehicle--a civil-rights complaint--so the
issue appears to have run its futile course.

### PERIOD OF LIMITATION

As an alternative basis for dismissing this Petition, the
Court reviews its untimeliness.  The statute setting forth the
period of limitation for federal habeas petitions reads in
pertinent part:

> A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus by

---

[4]*Fleming v. Clark*, No. 2:09-CV-1038 DAK, slip op. at 10 (D. Utah Sept.
21, 2012).

[5]Fed. R. Civ. P. 12(b)(6).

> a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of . . . the date on
> which the judgment became final by the
> conclusion of direct review or the expiration
> of the time for seeking such review.[6]

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[7]  Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'"[8]

### 1.  STATUTORY TOLLING

At separate times, Petitioner filed two different petitions for post-conviction relief in state court.  After 264 days of the 365-day federal period of limitation had ticked away, on January 22, 2007, Petitioner filed his first state post-conviction petition.  This petition was denied and taken to the Utah Court of Appeals, which affirmed the convictions on November 6, 2008.  Petitioner did not file a petition for writ of certiorari to the Utah Supreme Court.[9]  Therefore, the period of limitation began running again on December 8, 2008.

---

[6]28 U.S.C.S. § 2244(d)(1) (2013).

[7]*Id.* § 2244(d)(2).

[8]*Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

[9]As an aside, the Court notes here that Petitioner did not exhaust his claim and is now procedurally barred from pursuing it further.  However, the Court need not rely on yet a third basis for denying this Petition.

After 23 more days (287 total) had passed toward the federal period of limitation, on December 31, 2008, Petitioner filed his second state post-conviction petition. This was denied and then affirmed through the appeals process, which ended on October 8, 2010, when the period of limitation began running again. After another 78 days passed, on December 27, 2010, the federal period of limitation expired. By the time Petitioner filed this federal petition on April 19, 2011, he had exceeded the period of limitation by almost four months.

## 2.   EQUITABLE TOLLING

Petitioner excuses his failure to timely file his petition by asserting he lacked access to a law library and legal knowledge, and the prison-contract-attorney system is inadequate and gave him misinformation about habeas filings. He also asserts actual innocence. Based on these circumstances, he argues that the Court should apply equitable tolling to rescue him from the period of limitation's operation.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."[10]  Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's

---

[10]*Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

conduct--or other uncontrollable circumstances--prevents a
prisoner from timely filing, or when a prisoner actively pursues
judicial remedies but files a defective pleading during the
statutory period.'"[11]   And, Petitioner "has the burden of
demonstrating that equitable tolling should apply."[12]

### A.   UNCONTROLLABLE CIRCUMSTANCES

Against the backdrop of these general principles, the Court
considers Petitioner's specific arguments.  First, Petitioner
asserts that his lateness should be overlooked because he lacked
a law library, legal knowledge, and had only limited help and
misinformation from prison contract attorneys.  The argument that
a prisoner "had inadequate law library facilities" does not
support equitable tolling.[13]  Further, it is well settled that
"'ignorance of the law, even for an incarcerated pro se
petitioner, generally does not excuse prompt filing.'"[14]
Finally, simply put, "'[t]here is no constitutional right to an
attorney in state post-conviction proceedings.  Consequently, a

---

[11]*Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at
808 (citation omitted)).

[12]*Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5
(10th Cir. July 15, 2002) (unpublished).

[13]*McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335,
at *3-4 (10th Cir. July 15, 2005); *see also Miller v. Marr*, 141 F.3d 976, 978
(10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all
relevant statutes and case law or that the procedure to request specific
materials was inadequate.").

[14]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation
omitted).

6

petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'"[15] It follows that Petitioner's contention that the prison contract attorneys' misinformation thwarted his habeas filings does not toll the period of limitation.[16]

During the running of the federal period of limitation and beyond, Petitioner took no steps himself to "diligently pursue his federal claims." In fact, all Petitioner's excuses are undercut by the fact that he was able to file and pursue in the appellate process two state post-conviction petitions between the time of his conviction and the time he filed this federal habeas petition. In sum, none of the circumstances raised by Petitioner rendered it beyond his control to timely file his petition here.

## B. ACTUAL INNOCENCE

Finally, the Court addresses Petitioner's contention that the period of limitation should be tolled because he is actually innocent. "[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at trial. Such evidence typically consists of 'exculpatory scientific evidence,

---

[15]*Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2013) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

[16]*See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

7

trustworthy eyewitness accounts, or critical physical
evidence.'"[17]  Further, this evidence must "affirmatively
demonstrate[ the petitioner's] innocence," not just "undermine
the finding of guilt against him."[18]  After presenting such
evidence, a petitioner must then "show that in light of the new
evidence, 'no reasonable juror would have found the defendant
guilty.'"[19]  Such evidence is so very rare, though, that "'in
virtually every case, the allegation of actual innocence has been
summarily rejected.'"[20]

Petitioner's mere rehashing of the evidence and alleged
violations of his civil rights do nothing to convince this Court
that the exception applies.  Indeed, the kernel of the Court's
analysis regarding actual innocence is not whether Petitioner
urgently believes there were errors--or whether there were indeed
errors--in the state proceedings, but whether Petitioner is
factually innocent.  This factual innocence must also be
supported with new evidence, which Petitioner has not provided.

---

[17]*Rose v. Newton-Embry*, No. 05-6245, 2006 U.S. App. LEXIS 22713, at *4-5
(10th Cir. Sept. 5, 2006) (unpublished) (quoting *Schlup v. Delo*, 513 U.S. 298,
324 (1995)), *cert. denied*, 127 S. Ct. 2039 (2007).

[18]*Green v. Kansas*, No. 06-3118, 2006 U.S. App. LEXIS 20046, at *8 (10th
Cir. Aug. 3, 2006) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.
1999) (internal citations & quotations omitted)).

[19]*See Rose*, 2006 U.S. App. LEXIS 22713, at *5 (quoting *Schlup*, 513 U.S.
at 329).

[20]*Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citations omitted).

## C. CONCLUSION

Accordingly, the current petition before the Court was filed past the one-year period of limitation.  And, it appears neither statutory exceptions nor equitable tolling, including Petitioner's allegation of actual innocence, apply to save Petitioner from the period of limitation's operation.

## ORDER

**IT IS ORDERED** that Respondent's motion to dismiss is **GRANTED**.[21]  This Petition is denied because it fails to state a claim upon which habeas-corpus relief may be granted, and, alternatively, because it is barred by the applicable period of limitation.

DATED this __25th__ day of March, 2013.

BY THE COURT:

BRUCE S. JENKINS
United States District Judge

---

[21](*See* Docket Entry # 41.)

9